JOHN L. BURRIS ESQ., SBN 69888
K. CHIKE ODIWE, ESQ., SBN 315109
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiff
S.P.W., by and through her Guardian ad Litem
Miesha Singleton,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.P.W., by and through her Guardian ad Litem Miesha Singleton,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; ANTHONY MARTINELLI, individually and in his official capacity as an officer for the Oakland Police Department; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the Oakland Police Department,<br><br>Defendants. | Case No. 3:17-cv-06884-SK<br><br>**JOINT CASE MANAGEMENT STATEMENT OF PLAINTIFF S.P.W. BY AND THROUGH HER GUARDIAN AD LITEM MIESHA SINGLETON AND DEFENDANT ANTHONY MARTINELLI**<br><br>Hearing Date:  June 4, 2018<br>Time:  1:30 p.m.<br>Place:  Courtroom A, 15th Floor<br>450 Golden Gate Ave.<br>San Francisco CA 94102<br><br>Trial Date:  TBD |

Plaintiff, S.P.W., Defendant Anthony Martinelli hereby submit this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014, Civil Local Rule 16-9, and this Court's Civil Standing Order.

### 1.    Jurisdiction & Service

Plaintiff's complaint invokes federal question jurisdiction by suing for damages under 42 U.S.C. § 1983, alleging violation of her Fourth amendment rights under the federal constitution. Anthony Martinelli has been served.

Defendant agrees that the Court has subject matter jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims in this action pursuant to 28 U.S.C. § 1331 and 1343(a)(3)-(4). There are no issues regarding personal jurisdiction or venue and all known parties have been served.

### 1. Facts

#### a. Plaintiff's Facts

On November 16, 2016 at approximately 3:40 p.m., Plaintiff was sitting in her mother's car outside of their residence near E. Street located in Oakland, CA. after returning from an outing with her mother. Several Oakland Police Department Officers were already present at the home, including, Defendant Martinelli. At the time, the officers were investigating a shooting. A female officer first approached Plaintiff and allowed Plaintiff to remain in the car to care for her infant brother.

The officers on the scene then successfully apprehended the shooting suspect without incident.

All of a sudden, in contradiction to previous instructions, Defendant Martinelli confronted Plaintiff and demanded that she step out of the car. Plaintiff attempted to explain to Defendant Martinelli that she was unable to immediately do so because she was concerned about the well-being of her infant brother due to the cold weather and the fact that she was in the middle of feeding him. Without warning, Defendant Martinelli forcefully yanked Plaintiff out of the car. While an unidentified officer handcuffed Plaintiff, she questioned the Officer's actions. Due to Plaintiff's questions and in violation of the First Amendment, Defendant Martinelli brutally punched Plaintiff in the face.

Subsequently, Plaintiff was maliciously cited with a violation of section 148(a)(1) of the Penal Code of California. There was never probable cause to believe that Plaintiff unlawfully resisted, delayed, and/or obstructed the performance of the officers' duties as peace officers. Further, there was never probable cause to assert that Plaintiff attacked Defendant Martinelli.

Plaintiff was an unarmed and innocent actor who never posed a threat to anyone throughout the incident. Plaintiff was cited with a violation of section 148(a)(1) in an attempt to cover up and/or justify the excessive amount of force that was used against her. The unjustified criminal citation terminated in Plaintiff's favor.

As a result of Defendant Martinelli's use of excessive force, Plaintiff suffered from bruises and a swollen face. Plaintiff was further wrongfully cited with a violation of section 148(a)(1) and unlawfully arrested. Plaintiff also suffered extreme psychological distress and injury as a result of Defendant Martinelli's senseless conduct. Plaintiff suffered and still suffers symptoms including but not limited to fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

### b.   Defendant's Facts

On November 16, 2016, the City of Oakland Police Department ("OPD") was investigating a shooting where a man was shot in the chest. The victim reported to OPD officers that he was shot by "Shaun Williams" while standing on the driveway of 8715 E St at about 3:45 p.m. OPD officers responded to 8715 E St., where Williams resided.

At the time that OPD officers began to secure 8715 E St., Miesha Singleton pulled up to the residence in a white Honda. Plaintiff S.P.W. was a passenger in the white Honda, which was registered to Shaun Williams Sr. Singleton informed OPD officers that her husband, Shaun Williams Sr., and her son, Shaun Williams Jr., were inside the residence. Despite OPD officer's warnings to not enter the residence, Singleton entered anyway.

While Williams Sr. exited the residence, OPD officers attempted to detain Williams and secure the area. OPD officers were placing Williams Sr. under arrest outside the residence when Defendant Officer Martinelli approached S.P.W., who was still in the white Honda in front of the residence. Williams Jr. was still inside the residence. S.P.W. refused to comply with orders to exit the car and leave the area. Officer Martinelli attempted to pull S.P.W. out of the car but S.P.W. physically resisted. Officer Martinelli struck S.P.W. with an open hand to distract and detain S.P.W. After S.P.W. was placed in a patrol vehicle, Singleton and Williams Jr. were also eventually detained.

### c.   Principle Factual Disputes

The parties have conducted no discovery to date. The following factual disputes are based upon the parties' pleadings and initial meet and confer, and will likely change as a result of further discovery and investigation.

a.      Whether the officers involved in Plaintiff's arrest used excessive force; and

b.      Whether, and to what extent, Plaintiff was injured and/or damaged.

## 2.  Legal Issues

a.      Whether there was probable cause to arrest Plaintiff;

b.      Whether there was reasonable suspicion to detain Plaintiff;

c.      Whether the force used by the arresting officers was reasonable;

d.      Whether Defendant caused Plaintiff to suffer damages;

e.      Whether defendants used any threats, intimidation or coercion beyond that which is inherent in a detention. *See Venegas v. County of Los Angeles*, 32 Cal.4th 820 (Cal. 2004), *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947 (Ct.App. 2012), and *Bender v. County of Los Angeles*, 217 Cal.App.4th 968 (Ct. App. 2013);

f.      Whether Plaintiff has properly alleged a negligence claim;

g.      Whether Defendants owed a duty to Plaintiff, and, if they owed a duty, whether they breached that duty (or those duties); and

h.      Whether Defendants are entitled to qualified immunity and/or are otherwise immune.

i.      Whether Plaintiff was exercising her First Amendment Rights at the time of the incident.

## 3.  Motions

There are no pending motions. Defendant anticipates filing motions for summary judgment/adjudication based on sufficiency of the evidence, qualified immunity, and other privileges or immunities.

## 4.  Amendment of Pleadings

The parties do not anticipate amending their pleadings. The parties request that the Court provide a deadline by which any amendments must be made.

## 5.  Evidence Preservation

The parties are aware of their obligations to preserve evidence, and are gathering relevant documents and information.

6. **Disclosures**

The parties have not served initial disclosures.

7. **Discovery**

The parties agree to the discovery limits in the Federal Rules of Civil Procedure. Parties addresses the subjects contained in Rule 26(f) as follows:

(a) Changes to Initial Disclosure Requirements: The parties do not contemplate any changes in the form or requirement for initial disclosures.

(b) The parties are unaware of any electronic discovery issues.

(c) The parties currently do not contemplate any issues concerning claims of privilege or of protection as trial-preparation material, except that the parties agreed to enter into a protective order.

(d) See (b)

(e) n/a

8. **Class Action**

Not applicable.

9. **Related Cases**

Not applicable.

10. **Relief**

Plaintiff seeks special, general, and punitive damages according to proof; for damages, penalties, costs, interest, and attorney's fees allowed by California and federal law; for such further relief as the Court deems just and proper.

Defendants seek a finding of no liability and an award of costs.

11. **Settlement & ADR**

The parties have agreed to conduct an early settlement conference with a Magistrate.

12. **Consent to Magistrate Judge For All Purposes**

The parties have consented to the jurisdiction of a magistrate judge.

13. **Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14.   Narrowing of Issues

The issues may be narrowed or disposed of by future motions for summary judgment and/or adjudication.  The parties do not currently have suggestions for expediting presentation of evidence at trial, but will reconsider after the case becomes more defined as it approaches trial.

### 15.   Expedited Trial Procedure

The parties do not believe an expedited schedule is appropriate.

### 16.   Scheduling

This Court has issued a scheduling order.  The parties do not request any changes to that order at this time.

### 17.   Trial

The parties request a trial by jury.  The parties expect the trial will last 5-7 days.

### 18.   Disclosure of Non-party Interested Entities or Persons

Plaintiff has not filed a Certification of Interested Entities or Persons under Civil Local Rule 3-16.

### 19.   Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.


Dated: May 29, 2018

LAW OFFICES OF JOHN BURRIS


By:. *K. Chike Odiwe*_____
    K. CHIKE ODIWE, ESQ.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Plaintiff
S.P.W.

Dated: May 29, 2018

OFFICE OF OAKLAND CITY ATTORNEY
CHRISTINA LUM
Deputy City Attorney

By:*/s/ *Christina Lum*
        CHRISTINA LUM, ESQ.
        Attorney(s) for Defendant
        ANTHONY MARTINELLI
        *Filed jointly with Ms. Lum's permission