UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.P.W.,<br>           Plaintiff,<br>    v.<br>CITY OF OAKLAND, et al.,<br>           Defendants. | Case No. 17-cv-06884-SK<br><br>**ORDER GRANTING APPOINTMENT OF GUARDIAN AD LITEM**<br><br>Regarding Docket No. 34 |

Before the Court is an application to appoint Miesha Singleton as *guardian ad litem* for S.P.W. No opposition having been filed, the application is GRANTED for the reasons provided below.

## BACKGROUND

The complaint alleges that in November 2016, an officer of the Oakland Police Department who was conducting an investigation of a shooting, grabbed and punched S.P.W., who was 14 years of age at the time, while she was caring for her infant brother in the family's car. (Dkt. 1.) Petitioner Miesha Singleton, the mother of S.P.W., seeks an order appointing Petitioner as *Guardian Ad Litem* of S.P.W. (Dkt. 34.)

## LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a *guardian ad litem*. The court must appoint a *guardian ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may bring suit as long as a guardian

conducts the proceedings and the court may appoint a guardian ad litem to protect the minor's interests in the litigation. Cal. Fam. Code § 6601; Cal. Civ. Proc. Code § 372(a); *Williams v. Super. Ct.,* 147 Cal.App.4th 36, 46-47 (2007).

The court "has broad discretion in ruling on a *guardian ad litem* application." *Williams,* 147 Cal.App.4th at 47. In the case of parental representatives, "'[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a *guardian ad litem* who is not a parent if that guardian would best protect the child's interests." *Id.* at 49 (quoting *M.S. v. Wermers,* 557 F.2d 170, 175 (8th Cir. 1977)). Thus, if the parent has an actual or potential conflict of interest with his [or her] child, the parent has no right to control or influence the child's litigation." *Id.* at 50. If, on the other hand, "a parent brings an action on behalf of a child, and it is evident that the interest of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *J.M. v. Liberty Union High School Dist.,* No. 16-cv-05225-LGB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (citing cases). "'In the absence of a conflict of interest, the appointment is usually made on application only and involves little exercise of discretion.'" *Williams,* 147 Cal.App.4th at 47 (internal ellipsis omitted) (quoting *In re Marriage of Caballero,* 27 Cal.App.4th 1139, 1149 (1994)).

## ANALYSIS

Here, S.P.W. is under eighteen years of age and therefore is a minor under California law. Her ability to sue is contingent on appointment of a *guardian ad litem*. A parent may serve as *guardian ad litem* if the parent does not have an adverse interest.

S.P.W. asks to appoint her mother as *guardian ad litem*. The interests of S.P.W. and her mother are the same. The Court finds no conflicts in their claims. The *guardian ad litem* appointment is therefore appropriate.

//

//

//

//

## CONCLUSION

The Court grants the petition and appoints Miesha Singleton as *guardian ad litem* for S.P.W.

**IT IS SO ORDERED**.

Dated: September 4, 2018


_____
SALLIE KIM
United States Magistrate Judge